M. C. BLACK v. CHARLES F. BERG.[1]

April 12, 1907.

Nos. 15,179—(103).

**Partnership—Complaint.**

> The complaint herein alleged that the plaintiff, the defendant, and a third party entered into a partnership, which was dissolved by mutual consent before the commencement of this action, and the business of the firm accounted for, except two items, for which the defendant is now indebted to the plaintiff, and, further, that the plaintiff demanded of the defendant $74.26, the amount of the items, which he said were all right, and that he would pay plaintiff soon. *Held*, that the complaint did not state facts sufficient to constitute a cause of action.

Appeal by plaintiff from an order of the district court for Rice county, Buckham, J., reversing a judgment of a justice of the peace and dismissing the action. Affirmed.

*Childress & Barrett,* for appellant.

*William W. Pye, for* respondent.

START, C. J.

This case originated in justice court. The complaint alleged that the plaintiff, the defendant, and a third party entered into a partnership which was dissolved by mutual consent before the commence-

[1] Reported in 111 N. W. 386.

ment of the action, and the business of the firm accounted for, except two items, for which the defendant is now indebted to the plaintiff, and, further, that when the partnership was dissolved and settled up, and for a long time afterwards, the plaintiff demanded of the defendant $74.26, which was the amount due from the defendant on the two items, and the defendant told the plaintiff the items were all right, and that he would pay him soon, which he has not done, although the plaintiff made several demands. The defendant appeared in the action and moved to dismiss it on the ground that the complaint did not state facts sufficient to constitute a cause of action. Motion denied, and defendant excepted to the ruling. He then answered, and the cause was tried, and judgment rendered for the plaintiff for the amount claimed. The defendant appealed from the judgment on questions of law alone to the district court of the county of Rice, and that court made its order reversing the judgment of the justice and dismissing the action on the ground that the complaint did not state facts sufficient to constitute a cause of action. The plaintiff appealed from the order.

If the complaint can be construed as stating facts from which it may be inferred that there was a dissolution of the partnership, a settlement of its business, and an account stated, showing the balance due from the defendant to the plaintiff, it states a cause of action of which the justice had jurisdiction. 15 Enc. Pl. & Pr. 1037. The pleadings in justice court must be very liberally construed, and sustained if it can be done by any fair inference from the facts alleged. Testing the complaint by this rule, it cannot be sustained; for it cannot be fairly inferred from its allegations that there was a settlement of the business and accounts of the partnership, and an account stated, showing the balance due from and to each partner, or from the defendant to the plaintiff. It follows that the decision of the district court was correct.

Whether the order of the district court was in effect a judgment of reversal, and therefore appealable, or simply an order dismissing the action, and not appealable, as claimed by the defendant, we do not determine.

Order affirmed.